# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER BOCELLI,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT** | : | |
| **DONALD T. VAUGHN, et al.,** | : | |
| *Respondents.* | : | **NO. 97-cv-02204** |

## MEMORANDUM

**KENNEY, J.**                                                                                                 **November 26, 2024**

Before the Court is pro se Petitioner's motion (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6) asking this Court to grant him relief from judgment.[1] ECF No. 21. Petitioner moves for this Court to vacate the order dismissing Petitioner's habeas petition, reinstate the habeas proceedings, and consider new evidence. *Id.* at 17.

On July 19, 1991, a jury found Petitioner guilty of Murder in the First Degree, 18 Pa.C.S.A. § 2502(1), Robbery, 18 Pa.C.S.A. § 3701 (a)(1),(3),(4),(5), Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(1),(4), and Criminal Conspiracy, 18 Pa.C.S.A. § 903. ECF No. 32-1, App D. Petitioner was sentenced to life in prison without parole. *Id.* at 103. The Pennsylvania Superior Court affirmed the judgment of sentence, *Commonwealth v. Bocelli*, 671 A.2d 766 (1995); ECF No. 32-2, App. G, and the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. *Commonwealth v. Bocelli*, 677 A.2d 838 (1996); ECF No. 32-2, App. K.

---

[1] Since Petitioner has access to the Answer of the District Attorney (ECF No. 32), the Court will cite to the appendices of the Answer for various decades-old filings, forms, and opinions that may not be readily accessible to the Petitioner otherwise. For clarity, the Court has removed all unnecessary capitalization when quoting Petitioner's Motion (ECF No. 21). Due to assorted pagination, the Court will use the ECF generated page number in the header of the documents when referencing specific pages.

On March 28, 1997, Petitioner filed a counseled habeas petition in federal court. ECF No. 1; ECF No. 32-3, App. L. Magistrate Judge Welsh recommended dismissal of Bocelli's habeas petition in the Report and Recommendation. ECF No. 6; ECF No. 32-3, App. O. The Report and Recommendation was adopted by District Court Judge Waldman. ECF No. 8; ECF No. 32-3, App. P. Reconsideration was denied. ECF No. 11; ECF No. 32-4, App. R. On September 14, 1999, the Third Circuit affirmed the District Court's dismissal of Petitioner's habeas petition. *Bocelli v. Vaughn*, 202 F.3d 253 (3d Cir. 1999); ECF No. 32-4, App. U. On April 17, 2000, the U.S. Supreme Court denied Petitioner's Writ of Certiorari. *Bocelli v. Vaughn*, 529 U.S. 1070 (2000), ECF No. 32-4, App. V.

Petitioner filed numerous petitions, applications, and appeals over the next several decades. *See* ECF No. 32-1, App. A. On April 19, 2024, nearly twenty-five years after the U.S. Supreme Court denied Petitioner's Writ of Certiorari, pro se Petitioner filed the instant Motion pursuant to Rule 60(b)(6) asking this Court to vacate the order dismissing his habeas petition, reinstate the habeas proceedings, and consider new evidence. ECF No. 21. Petitioner makes wide-ranging assertions regarding inadequate evidence and errors during the various proceedings including: insufficient evidence at trial, improper "dual-sentencing," and ineffective assistance of counsel at both the trial and post-conviction proceedings.[2] *Id.* The District Attorney of Chester County filed a Response to Petitioner's Motion. ECF No. 32. Petitioner then filed a Reply. ECF No. 41. Accordingly, the Motion is ripe for consideration. For the reasons discussed below, Petitioner's Motion is denied.

---

[2] The pro se Petitioner presents pages of assorted arguments throughout his Motion in the sections "Introduction" and "Argument" (Subsections II, "B. This Court Should Reopen the Judgment Pursuant to Rule 60(b)(6)," 1, 2, "B. Finality," and C). ECF No. 21. Because of the organization of the Motion and the need to discuss the arguments in an orderly fashion, the Court has summarized them as the arguments described above.

### I. STANDARD OF LAW

Rule 60(b)(6) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Since this is a federal habeas action, the Court must evaluate whether the Rule 60(b) motion is actually an unauthorized second or successive habeas petition under 28 U.S.C. § 2254. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see*, e.g., *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See*, e.g., *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the U.S. Supreme Court addressed the circumstances in which a state prisoner's use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available for habeas relief. The Court explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Court observed, "determining whether a Rule 60(b) motion advances

3

one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Court further instructed that a petitioner is advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a state prisoner may use a "true" Rule 60(b) motion to challenge a procedural ruling made by the district court that precluded a merits determination of a habeas petition, or challenges "a defect in the integrity of the federal habeas proceedings" such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## II. DISCUSSION

Petitioner's original habeas petition ended when the U.S. Supreme Court denied his Writ of Certiorari on April 17, 2000. *Bocelli*, 529 U.S. 1070; ECF No. 32, App. V. After more than two decades and a plethora of assorted filings, pro se Petitioner filed the instant Rule 60(b)(6) motion before this Court. ECF No. 21. Petitioner asserts a variety of reasons as to why his Motion should be granted, including allegations of: insufficient evidence at trial, illegal dual-sentencing, and ineffective assistance of counsel for failure to challenge Petitioner's mental capacity or seek evaluation thereof at the trial level and again during post-conviction proceedings. *Id*. Because each of Petitioner's arguments, discussed below, is an attempt at successive habeas petitions rather than grounds for relief from a final judgment, the Court must deny Petitioner's Rule 60(b)(6) motion as unauthorized under AEDPA since Petitioner has not obtained an order from the Third Circuit

authorizing the Court to consider the application. Alternatively, if the Motion is in fact an appropriate Rule 60(b) motion, it is well beyond the reasonable time requirement to file a Rule 60(b)(6) motion.[3]

### A. Alleged Insufficient Evidence at Trial

The assertion of insufficient evidence at trial falls easily under the improper use of a Rule 60(b) motion described in *Gonzalez* because Petitioner is advancing claims rather than challenging a procedural defect of the underlying habeas proceedings. These claims raise new issues and evidence. Assertions of insufficient evidence on their face challenge the evidentiary backing for the underlying conviction and are "attacks [on] the federal court's previous resolution of a claim

---

[3] Assuming, *arguendo*, that Petitioner did in fact file an appropriate Rule 60(b)(6) motion rather than a successive habeas petition, it is far too late. "Principles of finality and comity, as expressed through AEDPA and habeas jurisprudence, dictate that federal courts pay ample respect to states' criminal judgments and weigh against disturbing those judgments via 60(b) motions." *Cox*, 757 F.3d at 125.

Motions under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citations omitted). While the one-year limit of Rule 60(b) subsections 1, 2 and 3 does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (citations omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Here, Petitioner seeks to excuse the over two-decade delay between the initial denial of his habeas petition and the filing of this Motion because he has been "extraordinarily diligent in raising both the underlying claim of trial counsel ineffectiveness and the claim that post-conviction counsel was ineffective." There is no showing of changed law, unanticipated circumstances, or gross inequity other than *Martinez v. Ryan*, 566 U.S. 1 (2012), discussed *infra*, which is inapplicable. Multitudinous filings do not demonstrate an extraordinary reason to depart from the requirement that a 60(b)(6) motion be filed within a reasonable time.

Even assuming every single filing by Petitioner or ruling thereon tolls the clock of filing a 60(b)(6) motion within a reasonable time, the last development indicated by Petitioner prior to the filing of the instant Motion on April 29, 2024, was the February 8, 2021 affirmance of the March 4, 2020 Order denying Petitioner's PCRA Petition. ECF No. 21 at 14. This three-year delay, let alone the multi-decade delay since the determination of the original habeas petition, is unreasonable. Accordingly, if this were an appropriate Rule 60(b)(6) motion, Petitioner's Motion was not filed within a reasonable time within the meaning of Rule 60(c) and is therefore denied.

...

on the merits." *Gonzalez*, 545 U.S. at 532. Further, the argument was not brought under the original habeas petition when Petitioner could have done so. Thus, the claim of insufficient evidence at trial is an attempt at a successive habeas petition that has not been authorized by the Third Circuit.

### B. Alleged Illegal Dual-Sentencing

The alleged illegal dual-sentencing described by Petitioner was a clerical error made when the "pleading guilty" box was erroneously checked on the commitment document dated July 19, 1991. ECF No. 21, Ex. A. Petitioner was in fact found guilty by a jury on July 7, 1991, and sentenced to life in prison on February 8, 1995. ECF No. 32-1, App. D. A subsequent commitment order dated February 13, 1995, indicated that Petitioner was found guilty. ECF No. 21, Ex. B.

Even if this subsequently remedied clerical error is a cognizable claim under 28 U.S.C.A. § 2254, the claim existed prior to the filing of the original habeas petition. It was not included in that petition and thus is also an attempt at a successive habeas petition that has not been authorized by the Third Circuit.

### C. Alleged Ineffective Assistance of Counsel at Trial and Post-Conviction Proceedings

Petitioner claims he received ineffective assistance of counsel at virtually every stage he was represented. ECF No. 21 at 7-9, 15-22. Petitioner was represented at trial and then by new counsel beginning during post-trial motions and throughout his appeal and original habeas petition. ECF No. 21 at 4; *see* ECF No. 32-3, App. N. He was then represented in subsequent state PCRA proceedings by a long list of attorneys laid out in Petitioner's Motion. ECF No. 21 at 4-5. Counseled Petitioner brought ineffective assistance of counsel claims for failing object to jury instructions and the use of specific evidence on direct appeal and in habeas proceedings.[4]

---

[4] On appeal before the Pennsylvania Superior Court, Petitioner argued there was ineffective assistance of counsel because Petitioner's counsel 1) failed to object to the charge of the court which twice invited the jury to measure Petitioner's culpability as an accomplice by the Principal's intent and 2) failed to object to the Prosecutor's substantive use of certain evidence, to ask the

Petitioner asserts that the equitable exception in *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses his procedural default and allows him present different evidence as to the alleged trial-level ineffective assistance of counsel. ECF No. 21 at 8. The *Martinez* exception is inapplicable, though. This new argument is an attempt at a successive habeas petition that has not been authorized by the Third Circuit. As such, it must be denied.

The claim that appellate counsel was ineffective is barred by *Davila v. Davis*, 582 U.S. 521 (2017).

### 1. Trial-Level Ineffective Assistance of Counsel

Petitioner now argues that he received ineffective assistance of counsel at trial because his counsel did not raise defenses based on his mental state and did not present mitigating evidence thereto at the penalty phase. ECF No. 21 at 8. Petitioner did not bring these claims on direct appeal or in his original habeas petition. To find a way around the procedural default of failing to bring the present arguments for ineffective assistance of counsel at the appropriate time, Petitioner asserts that the U.S. Supreme Court's opinion in *Martinez* serves as an intervening decision that would justify granting the Motion. ECF No. 21 at 8.

The general rule provides that an error by counsel in state post-conviction proceedings does not serve as sufficient cause to excuse procedural default of a petitioner's claim since there is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991). *Martinez*, as expanded in *Trevino v. Thaler*, 569 U.S. 413 (2013),

---

court to limit certain evidence to impeachment (and failing to object to its substantive use), and to request limiting instructions when the deliberating jury requested to see the certain evidence. *See* ECF No. 32-1, App. E. The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. *Id.*, App. K. Petitioner then filed a counseled petition for writ of habeas corpus asserting the same. ECF No. 32-3, App. L.

provides an equitable exception to excuse a procedural default. The "narrow" exception for *Coleman*'s general rule articulated in *Martinez* and *Trevino* is as follows:[5]

> Th[e] exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal.

*Davila*, 582 U.S. at 524-25.

Petitioner relies on *Martinez* as a "dramatic[] change in the habeas landscape [that] permits this Court to reconsider its ruling denying relief." ECF No. 21 at 8. But the Third Circuit held in *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014) that "the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." The decision on whether to grant Rule 60(b)(6) relief on such change is based on a case-dependent, multifactor approach left to the discretion of the district court. *Id.*

But Petitioner's reliance on *Martinez* is misplaced since the exception is only applicable "where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila*, 582 U.S. at 524-25. At the time of Petitioner's conviction, Pennsylvania law required a criminal defendant to raise ineffective assistance claims at the earliest stage of proceedings, such as on direct appeal, during which he was no longer represented by the allegedly ineffective lawyer. *Commonwealth v. Hubbard* 372 A.2d 687, 695 n. 6 (Pa. 1977).[6]

---

[5] The Third Circuit in *Cox* describes the effect as "significant" even though the Supreme Court emphasized the "narrow" nature of the expanded equitable right. *Cox*, 757 F.3d at 119.

[6] The Pennsylvania Supreme Court overruled *Hubbard* in *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), holding that consideration of ineffective assistance of counsel claims was now appropriate during collateral review under the PCRA. This rule, however, was only retroactive as to cases currently pending on direct appeal where the issues of ineffectiveness had been properly raised and preserved. *Id*. at 739. The Pennsylvania Supreme Court again modified the rule for challenging ineffective assistance of counsel in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). The Pennsylvania Supreme Court adopted a modified *Hubbard* rule in holding that "a

Under *Hubbard*, Petitioner properly challenged the effectiveness of his trial counsel on direct appeal when he was represented by new counsel.[7] *See* ECF No. 32-1, App. E. The Pennsylvania Superior Court upheld Petitioner's convictions. ECF No. 32-2, App. G. Petitioner then challenged the effectiveness of his trial counsel in a habeas petition in federal court which was eventually denied by the Third Circuit. *See* ECF No. 32-1, Apps. S-U; *Bocelli v. Vaughn*, 202 F.3d 253 (3d Cir. 1999). Thus, without meeting the threshold procedural requirement of *Martinez* that Petitioner was required to bring his claim in collateral proceedings, the exception is inapplicable and this Court need not engage in the case-dependent, multifactor analysis of *Cox* to determine whether the changes articulated in *Martinez* merit granting Petitioner's Rule 60(b)(6) Motion.

Without the *Martinez* exception, Petitioner cannot overcome the procedural default of failing to bring his new ineffective assistance of counsel claims on appeal or under his original habeas petition. As such, the different theory of ineffective assistance of trial counsel is an attempt at a successive habeas petition that has not been approved by the Third Circuit.[8]

---

PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401. These subsequent changes are not applicable to the Petitioner's Motion since his direct appeal predates *Grant*.

[7] Petitioner states that "a petitioner may establish cause for procedural default of a claim alleging trial counsel's ineffectiveness where, as here, the Petitioner's first opportunity to raise the claim was in collateral proceedings." ECF No. 21 at 20. In fact, Petitioner correctly challenged, albeit unsuccessfully, the ineffectiveness of his counsel on direct appeal, not in collateral proceedings. ECF No. 32-2, Apps. E, G.

[8] If the exception articulated in *Martinez* was indeed applicable to the Petitioner, which it is not, the extreme delay before bringing this Motion is not reasonable without the showing of extraordinary circumstances. *See Cox*, 757 F.3d at 125.

### 2. Ineffective Assistance of Post-Conviction Counsel

Petitioner also asserts that his post-conviction attorney was ineffective. [9] ECF No. 21 at 7-9. The U.S. Supreme Court declined to extend the reasoning behind the exception of *Martinez* to ineffective assistance of appellate counsel. *Davila*, 582 U.S. at 525. This Court will follow binding U.S. Supreme Court precedent and refuse to extend *Martinez* to Petitioner's claims of ineffective assistance of Petitioner's post-conviction counsel.

## III. CONCLUSION

For the reasons articulated above, Petitioner's Rule 60(b)(6) Motion (ECF No. 21) is denied. To the extent one would be require, the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**

---

[9] Throughout the Motion, Petitioner repeatedly describes alleged facts and caselaw that are misleading at best regarding the effectiveness of his trial and post-conviction counsel. In asserting the ineffectiveness of his post-conviction counsel, for example, Petitioner seems to replace his name for the defendant in Third Circuit and Pennsylvania Supreme Court opinions. *Compare Taylor v. Horn*, 504 F.3d 416, 437 n.17 (3d Cir. 2007) ("We have doubts about the effectiveness of Taylor's post-conviction counsel . . . ."), *with* ECF No. 21 at 7-8 (("We have doubts about the effectiveness of Bocelli's post-conviction counsel. . . ."); *compare*, *Com. v. Taylor*, 718 A.2d 743, 745 (1998) ("Woven into Taylor's claim of ineffectiveness is the assertion . . . ."), *with* ECF No. 21 at 8 ("Woven into Bocelli's claim of ineffectiveness is the assertion . . . ."). After careful review of the Motion and the voluminous record of state and federal law proceedings, the Court has not found the alleged "abysmal performance" alleged by Petitioner anywhere except in the misquoted caselaw. *Id.* at 7. Apart from such misquoted caselaw, there is no other evidence beyond conclusory statements that his post-conviction counsel was ineffective.